

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-3293
Re: Whether State Treasurer may
employ the same man who is
employed as "messenger-porter,
part time" to do extra work
and pay him from the contin-
gent expense appropriation.

In your letter of March 18, 1941, you request our
opinion in response to the following question:

"This department employs a man to fill this
position and requires him to work one-half of
each working day during the month, requiring
him to work in the afternoons. Occasionally
additional help is required in the mornings when
old records are to be moved and stored. In view
of the facts stated, please answer the following
question: Is it permissible for the State Treas-
urer to employ the same man who is employed as
'Messenger-Porter, part time' to do extra work
and pay him from the contingent expense appro-
priation?"

You have verbally amplified the above with the ex-
planation that the work to be done by this man in the mornings
would be at irregular intervals and would be about the same
kind of work as he does in the afternoons.

In the departmental appropriation bill for the pre-
sent biennium and among the items appropriated for the opera-
tion of the State Treasurer's Department we find an appropria-
tion of $360.00 per year for a "messenger-porter, part time"
in the Stamp Tax Division (pg. 220, Vol. 2, Acts of the 46th
Leg.). On the same page in such appropriation bill we also
find the sum of $2,500.00 per year appropriated for "printing,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charley Lockhart, Page 2

books, supplies, telephone, telegraph and contingent expense" for the operation of the Stamp Tax Division.

In our opinion No. 0-1332 we held that such contingent expense funds may be used for the payment of employees in addition to those whose salaries are expressly itemized. Hence, the appropriation for contingent expenses may be used to pay someone to perform these services. In that same opinion we held that under the terms of paragraph (b) of the title "salary and other provisions" in the general rider to the appropriation bill "where a sum is provided for a particular item of expense, that sum is all that is intended to be available for that item of expense, and may not be supplemented from any source." However, we do not believe that the last mentioned holding is applicable here for the reason that only the sum of $360.00 per year is to be expended in paying the messenger-porter for his part time employment. In other words, as we understand your letter, his salary for the performance of those services is not being increased or supplemented. On the other hand, it is our understanding that you simply wish to pay the same man to perform similar services at times not covered by his present employment. In our opinion the employment and payment which you propose is not forbidden by paragraph (b) of the title "salary and other provisions" in the present departmental appropriation bill.

In our opinion No. 0-2607 we held that an eye, ear, nose and throat specialist in one of the State eleemosynary institutions could not hold the same position in another State institution under Section 33 of Article 16, of the State Constitution which provides:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution."

Honorable Charley Lockhart, Page 3

The appropriation of $360.00 per year is expressly for part time employment. We think it was contemplated that a definite part of the day should be set aside for the messenger-porter to serve. It is noted that the sum appropriated is one-half the amount usually appropriated in other parts of the Bill for a full time employee performing similar services. Your action in requiring him to work in the afternoons and relieving him of any duties under that employment in the mornings is entirely proper. The messenger-porter is under no obligations to serve or hold himself in readiness to serve under his employment as such messenger-porter during the mornings. His working at odd times in the mornings will not conflict with his afternoon duties. With specific reference to the quoted section of the State Constitution, we may assume that his regular afternoon employment constitutes him an "appointee" or the occupant of a "position of . . . profit." The prohibition is against the holding of more than one such position. In his morning work would he be an agent, officer or appointee, the holder of a position of honor, trust or profit? The nearest of those to which he would approach would be the occupant of a "position" of profit. And, we do not believe that the casual employment of the man at irregular intervals would constitute him the holder of a "position." The term denotes at least some degree of permanency or regularity, which we understand does not exist here. From the case of Kreigh v. Board of Chosen Freeholders, 40 A. 625, by the New Jersey Supreme Court, we quote:

"That statute protects only those persons who hold 'an office' or 'a position;" and we think that, according to the views heretofore expressed as to the meaning of those terms (Lewis v. Jersey City, 51 N. J. Law, 240, 17 Atl. 112; Stewart v. Board (N.J. Sup.) 38 Atl. 842), the employment of the relator did not place him in either an office or a position, within the purview of that statute. He was to work by the day only, and the services to be rendered by him were merely such as, in the line of his trade, might be directed from time to time by his superiors."

This is a different situation from the one with which we were concerned in Opinion No. 0-2607. We answer your question in the affirmative. Our opinion might be different if his

Honorable Charley Lockhart, Page 4

morning employments should become regular or permanent.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

GRL:ej

APPROVED APR 5, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

